1
COOLEY LLP
MICHELLE C. DOOLIN (179445) (doolinmc@cooley.com)
2
JENNIFER M. FRENCH (265422) (jfrench@cooley.com)
4401 Eastgate Mall
3
San Diego, CA  92121
Telephone:     (858) 550-6000
4
Facsimile:     (858) 550-6420

5
COOLEY LLP
BEATRIZ MEJIA (190948) (mejiab@cooley.com)
6
101 California Street, 5th Floor
San Francisco, CA  94111-5800
7
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222
8

Attorneys for Defendant
9
COLE HAAN

10                   UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13

14
STEFANI CONCEPCION, an individual; on
behalf of herself and all others similarly
15
situated,
| | Case No. 11-cv-02187-JSW |

16
| | **DEFENDANT COLE HAAN'S NOTICE OF MOTION AND MOTION TO DISMISS DAMAGES CLAIM** |
17
Plaintiff,
| | **[FED. R. CIV. PROC. 12(b)(6)]** |

18
v.
| | Judge:   Hon. Jeffrey S. White |
| | Date:    Sept. 30, 2011 |
19
COLE HAAN, INC. a New York
Corporation; and DOES 1 through 50,
| | Time:    9:00 am |
| | Place:   Courtroom 11, 19th Floor |
20
inclusive,

Defendants.
21

22

23
**TO THE ABOVE-CAPTIONED COURT, PLAINTIFF, AND HER COUNSEL OF RECORD:**

24          **PLEASE TAKE NOTICE** that on September 30, 2011, 9:00 am or as soon thereafter as

25  counsel may be heard in Courtroom 11 of the above-entitled Court, located at 450 Golden Gate

26  Avenue, San Francisco, California 94102, Defendant Cole Haan[1] will and hereby does move to

27  dismiss plaintiff Stefani Concepcion's claim for certain damages under Federal Rule of Civil

28  _____
[1] Cole Haan was erroneously sued as Cole Haan, Inc.

Procedure 12(b)(6).

Cole Haan moves to dismiss plaintiff's claim for damages in paragraph 3 of the Prayer for Relief on page 7, lines 25 through 27 of the First Amended Complaint ("FAC"), under Federal Rule of Civil Procedure 12(b)(6), on the ground that plaintiff is limited to statutory penalties and no other relief is authorized by the Song-Beverly Credit Card Act, California Civil Code section 1747.08.  The allegations in the FAC provide no other basis for recovery.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all other pleadings, papers, records, and documentary materials on file or deemed to be on file in this action, those matters of which this Court may take judicial notice, and upon the oral arguments of counsel made at the hearing on this Motion.

Dated: June 28, 2011

COOLEY LLP
MICHELLE C. DOOLIN (179445)
BEATRIZ MEJIA (190948)
JENNIFER M. FRENCH (265422)


*/s/ Jennifer M. French*
Jennifer M. French

Attorneys for Defendant
COLE HAAN

MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Song-Beverly Credit Card Act (the "Act"), codified at California Civil Code section 1747.08, is clear and unambiguous as to the limited relief available to private plaintiffs. The plain and unequivocal language of the statute provides only for statutory penalties, and courts interpreting the relief available under section 1747.08 unanimously agree that no other remedies are available: "the Act unambiguously authorizes only statutory penalties, and consequently no other damages are available.  That precludes both *cy pres* damages and punitive damages . . . ." *Haug v. Petsmart, Inc.*,  No. 2:10-cv-00990-MCE-KJM, 2010 U.S. Dist. LEXIS 84739, at *4 (E.D. Cal. July 23, 2010).

The allegations in the First Amended Complaint ("FAC") provide no other basis for recovery aside from purported violations of the Act.  As a result, plaintiff's claim for *cy pres* recovery is unavailable as a matter of law, and the Court should dismiss plaintiff's claim for damages in paragraph 3 of the Prayer for Relief (FAC at 7:25-27), with prejudice.

## II.    STATEMENT OF FACTS

On June 27, 2011, plaintiff Stefanie Concepcion, on behalf of herself and "all persons from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction in California," filed an FAC against defendant Cole Haan alleging a single cause of action for purported violations of the Act.  (FAC ¶¶ 22, 30-32.)  Specifically, plaintiff alleges that Cole Haan had a policy of requesting and recording personal identification information, in the form of zip codes, from its customers who purchase merchandise with a credit card at its California stores, in violation of the Act.  (*Id.* at ¶¶ 2, 31.)

When plaintiff filed her FAC, she removed the following claims and requests for relief from her original complaint: her causes of action for common law negligence, invasion of privacy, and unlawful intrusion (Compl., ¶¶ 34-60); her requests for general damages, restitution and disgorgement, and injunctive and declaratory relief (*id.* at 11:24–12:6); and her request for a jury trial (*id.* at 1:17 and generally).  (*See generall*y FAC.)  The requests for relief in plaintiff's Prayer now seek (1) statutory penalties under the Act, (2) distribution of any moneys where

necessary to prevent defendant from retaining the benefits of its allegedly wrongful conduct; and (3) recovery of the attorneys' fees and costs incurred in this action.  (FAC at 7:23-27; 8:1-4.)  Specifically as to the request for distribution of any moneys, paragraph 3 of the Prayer for Relief requests the "distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of their wrongful conduct."  (*Id.* at 7: 25-27.)

### III.   THERE IS NO LEGAL BASIS FOR SEEKING *CY PRES* RECOVERY  AND THIS CLAIM FOR RECOVERY SHOULD BE DISMISSED .

When damages are precluded as a matter of law, a party may move to dismiss such damages for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. Proc. 12(b)(6); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010) (holding that a Rule 12(b)(6) motion, as opposed to a Rule 12(f) motion, is the appropriate method for challenging claims for damages that are precluded as a matter of law).  Here, plaintiff has alleged only one cause of action based on violations of Song-Beverly.  (FAC, ¶¶ 30-33.)  Because the Act and cases interpreting the Act authorize only statutory penalties for violations of its provisions, plaintiff's request for *cy pres* recovery is barred as a matter of law, and it should be dismissed.

#### A.   The Act Unequivocally Bars *Cy Pres* Recovery.

Before passage of the Act, existing law neither authorized or prohibited merchants from requiring personal information as part of a credit card transaction.  *Korn v. Polo Ralph Lauren Corp.*, 644 F. Supp. 2d 1212, 1219 (E.D. Cal. 2008); *see also Haug*, 2010 U.S. Dist. LEXIS 84739, at *3-4.  The Act thus created a new right, and "[w]here a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided."  *Id.* at 1219 (internal citations omitted).  The Act is explicit and unambiguous in the statutory remedy available to private plaintiffs:

> Any person who violates this section shall be subject to a civil penalty not to exceed two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action bought by the person paying with a credit card . . . .

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANT'S NOTICE OF MOTION & MOTION TO DISMISS DAMAGES CLAIM

Cal. Civ. Code § 1747(e).  In other words, "the statutory language of the Act unequivocally authorizes only civil penalties." *Haug*, 2010 U.S. Dist. LEXIS 84739, at *4.

In the twenty-plus years since the passage of the Act, courts have universally held that other remedies, including equitable relief, are not authorized under the statute. *E.g.*, *Haug*, 2010 U.S. Dist. LEXIS 84739, at *4 (finding the Act precludes recovery of general, special, and punitive damages, as well as injunctive relief); *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1210 (C.D. Cal. 2008) (holding that private litigants are not entitled to injunctive relief under California Civil Code section 1747.08: "[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies" (internal citations omitted)); *Korn*, 644 F. Supp. 2d at 1219 (holding that injunctive relief is unavailable to private plaintiffs under the Act).  Likewise, private plaintiffs are not entitled to trial by jury for violations of the Act.  *Shabaz*, 586 F. Supp. 2d at 1211-12; *In re Payless ShoeSource, Inc. Cal. Song-Beverly Credit Card Act Litig.*, No. 09-MD-2022 FCD GGH, 2009 U.S. Dist. LEXIS 93677, at *9 (E.D. Cal. Sept. 11, 2009) (same).

Most importantly, another district court in California has specifically held that plaintiffs are also barred from seeking *cy pres* or fluid recovery: "**the Act unambiguously authorizes only statutory penalties, and consequently no other damages are available.  That precludes** . . . *cy pres* **damages** . . . ." *Haug*, 2010 U.S. Dist. LEXIS 84739, at *4 (emphasis added).  No authority exists to the contrary.  Acknowledging this long line of authority, plaintiff voluntarily withdrew all of her other causes of action and claims for damages and equitable relief, except for *cy pres* recovery.  (*Compare* Compl., *with* FAC.)  Plaintiff's refusal to strike *cy pres* recovery in light of these actions is without merit.

**B.     *Cy Pres* Recovery Is Equitable in Nature and Is Barred Under the Act for This Additional Reason.**

The Act specifically excludes the availability of equitable relief in class actions brought by private plaintiffs.  Cal. Civ. Code § 1747.08(f); *see also Haug*, 2010 U.S. Dist. LEXIS 84739, at *3 ("[T]he statutory language of the Act unequivocally authorizes only civil penalties.");

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFENDANT'S NOTICE OF MOTION & MOTION TO DISMISS DAMAGES CLAIM**

*Shabaz*, 586 F. Supp. 2d at 1211-12; *Korn*, 644 F. Supp. 2d at 1219.  Thus even without the clear pronouncement in *Haug*, plaintiff would still be foreclosed from seeking *cy pres* recovery based on the plain language of the statute.  And despite plaintiff's attempt to couch her request for fluid or *cy pres* recovery as a method of "distribution of any moneys recovered on behalf of the Class," she cannot escape the fact that *cy pres* is unquestionably equitable in nature.  *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116, 125-26 (2000) (analyzing whether "the fluid recovery remedy" is an applicable equitable remedy in representative actions under the UCL); *see also Granberry v. May Invs.*, 9 Cal. 4th 738, 750 n.7 (1995) ("The term 'fluid recovery' refers to the application of the equitable doctrine of *cy pres* in the context of a modern class action."); *State v. Levi Strauss & Co.*, 41 Cal. 3d 460, 471-72 (1986) ("In response to [the problems with damage distribution], the courts have turned to the *equitable* doctrine of *cy pres*.") (emphasis added); Cal. Civ. Proc. Code § 384(c) (discussing the relationship between California's procedural class action laws and any potential "equitable cy pres remedy").

Finally, the California Supreme Court has advised that: "The propriety of fluid recovery in a particular case depends upon *its usefulness in fulfilling the purposes of the underlying cause of action . . . .*" *Levi Strauss & Co.*, 41 Cal. 3d at 472 (citations omitted; emphasis added).  In analyzing the applicability of *cy pres* in *Levi Strauss*, the Supreme Court noted that "the purposes of the private damages action for violations of the Cartwright Act include disgorgement and deterrence as well as compensation." *Id.*; *see also* Cal. Bus. & Prof. Code § 16750.  As such, fluid recovery could be beneficial to the statutory purpose of the Cartwright Act.  *See Levi Strauss & Co.*, 41 Cal. 3d at 472.  The Ninth Circuit has also indicated that *cy pres* recovery may be appropriate where authorized by statute and in furtherance of the statutory purpose.  *See Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311-12 (9th Cir. 1990) ("Although the use of cy pres to distribute unclaimed funds is permissible, the district court's application was *inadequate to serve the goals of the statute* and protect the interests of the silent class members." (analyzing *cy pres* recovery for violations of the Farm Labor Contractors Registration Act "FLCRA," 7 U.S.C. § 2401 *et seq.*, *repealed and replaced* by the Migrant and Seasonal Agricultural Worker Protect Act, 29 U.S.C. § 1801, *et seq.*)) (emphasis added).  In fact, because

DEFENDANT'S NOTICE OF MOTION & MOTION TO DISMISS DAMAGES CLAIM

1   the *cy pres* recovery outlined by the trial court did not serve the goals of the FLCRA, the Ninth

2   Circuit remanded the case. *Id.* at 1312.

3         Here, on the other hand, the Act explicitly forecloses all relief available to private

4   plaintiffs aside from the mandatory statutory penalties. Cal. Civ. Code § 1747.08(f); *see also*

5   *Haug*, 2010 U.S. Dist. LEXIS 84739, at *3 ("[T]he statutory language of the Act unequivocally

6   authorizes only civil penalties."); *Shabaz*, 586 F. Supp. 2d at 1211-12; *Korn*, 644 F. Supp. 2d at

7   1219. The purposes of Song-Beverly would thus be contravened, rather than aided, by

8   application of *cy pres* recovery. As a result, plaintiff's request for these damages should be

9   dismissed for this additional reason.

10        Even if the Court finds that *cy pres* is solely a method of distribution and not a form of

11  damages or equitable relief—which Cole Haan disputes—it is still foreclosed by the plain

12  language of the Act. The Act explicitly states that the award must be given to the plaintiffs

13  directly: "When collected, the civil penalty **shall** be payable, as appropriate**,** *to the person paying*

14  *with a credit card who brought the action*, **or** to the *general fund of whichever governmental*

15  *entity brought the action* to assess the civil penalty.") Cal. Civ. Code § 1747.08(e). In other

16  words, the statute carves out two methods of distribution and recovery depending on who brings

17  the suit: (1) private plaintiffs, who cannot seek equitable relief, can receive statutory penalties

18  payable directly to the person who paid with a credit card and (2) governmental entities, who may

19  seek injunctive relief, receive statutory penalties payable into a general fund. *Id.* at § 1747.08(e),

20  (f). The Act is thus distinguishable from statutes like the FLCRA, which did not dictate the

21  method of distribution of the award, did not impose a mandatory penalty, and did authorize

22  equitable relief. *See* 7 U.S.C. § 2050a(b) (providing that a court "*may* award damages up to and

23  including an amount equal to the amount of actual damages, *or* $500 for each violation, *or other*

24  *equitable relief*") (emphasis added).

25  / / /

26  / / /

27  / / /

28  / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.**     **CONCLUSION**

For these reasons, Cole Haan respectfully requests that the Court grant this motion and dismiss plaintiff's damages claim for *cy pres* recovery, with prejudice.

Dated: June 28, 2011                      COOLEY LLP
                                          MICHELLE C. DOOLIN (179445)
                                          BEATRIZ MEJIA (190948)
                                          JENNIFER M. FRENCH (265422)


                                          */s/ Jennifer M. French*
                                          Jennifer M. French

                                          Attorneys for Defendant
                                          COLE HAAN

## PROOF OF SERVICE
### (FRCP 5)

I hereby certify that on June 28, 2011, I electronically filed:

**DEFENDANT COLE HAAN'S NOTICE OF MOTION AND MOTION TO DISMISS DAMAGES CLAIM [FED. R. CIV. PROC. 12(B)(6)]; [PROPOSED] ORDER GRANTING DEFENDANT COLE HAAN'S MOTION TO DISMISS DAMAGES CLAIM**

with the clerk using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses:

**Michelle Carrie Doolin**
mdooliln@cooley.com

**Beatriz Mejia**
mejiab@cooley.com

**Jennifer Michele French**
jfrench@cooley.com

**Gene J. Stonebarger**
gstonebarger@stonebargerlaw.com

**Richard D. Lambert**
rlambert@stonebargerlaw.com

I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California, on the following part(ies) in this action:

James R. Patterson
HARRISON Patterson & O'Connor LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: (619) 756-6990
Counsel for Plaintiff Tammie Davis

Executed on June 28, 2011, at San Diego, California.

Myra C. Hannum
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6000
Fax: (858) 550-6420
Email: hannummc@cooley.com

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

711396 v1/SD

1.

CERTIFICATE OF SERVICE
CASE NO. C11-02187-JSW