1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMMIE DAVIS, an individual, and VALERIA LLETGET, an individual, on behalf of themselves and all others similarly situated, | Consolidated Case No. 11-cv-01826-JSW |
| Plaintiffs, | [~~PROPOSED~~] PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER |
| v. | Hon. Jeffrey S. White |
| COLE HAAN COMPANY STORE, a Maine Corporation; and DOES 1 through 50, inclusive | Courtroom 11, 19th Floor |
| Defendants. | |
| STEFANI CONCEPCION, an individual, on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| v. | |
| COLE HAAN COMPANY STORE, a Maine Corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

23

24

25

26

27

28

1    CONSOLIDATED CASE No. 11-CV-01826-JSW

On May 24, 2013, this Court heard plaintiffs Tammie Davis's, Valeria Lletget's, and Stefani Concepcion's ("Plaintiffs") motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. This Court reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement"). Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. Unless otherwise specified, defined terms in this Order have the same definition as the terms in the Settlement Agreement.

2. The Settlement Agreement falls within the range of reasonableness meriting possible final approval. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

3. The Full Notice, Direct Mail Notice, Email Notice, and Claim Form (attached to the Settlement Agreement) comply with due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed Settlement, and (iii) their rights, including the right to either participate in the Settlement, exclude themselves from the Settlement or object to the Settlement. Due Process is satisfied so long as notice is also posted at the stores in accordance with the representation made in the supplemental briefing on May 20, 2013.

4. The Class is so numerous that joinder of all Class Members is impracticable.

5. Plaintiffs' claims are typical of the Class's claims.

6. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.

7. Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

/ / /

/ / /

/ / /

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT & PROVISIONAL CLASS CERTIFICATION

**IT IS ORDERED THAT:**

1. **Settlement Approval**. The Settlement Agreement, including the Full Notice, Direct Mail Notice, Email Notice, and Claim Form, attached to the Settlement Agreement as Exhibits B-E are preliminarily approved.

and the notice described in the supplemental briefing filed on May 20, 2013

2. **Provision of Class Notice**. Defendant Cole Haan Company Store ("Cole Haan") will notify Class Members of the Settlement in the manner specified under Section 3.3 of the Settlement Agreement ("Notice").

3. **Claims Administrator**. The Garden City Group, Inc. is appointed as the Claims Administrator.

4. **Claim for Vouchers**. Class Members who want to receive a Voucher under the Settlement Agreement for $20 off of any merchandise purchase (no minimum purchase required) must accurately complete and deliver a Claim Form to the Claims Administrator no later than sixty (60) calendar days after notice is provided under Section 3.3(b) and (c) of the Settlement Agreement.

5. **Objection to Settlement**. Class Members who have not submitted a timely written exclusion request pursuant to paragraph 7 below and who want to object to the Settlement Agreement must deliver written objections to Class Counsel and Cole Haan's Counsel, and must file such objection with the Court, no later than sixty (60) calendar days after notice is provided under Section 3.3(b) and (c) of the Settlement Agreement. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. The objection must include: (a) the name and case number of the Action, "*Davis, et al. v. Cole Haan Company Store*, Case No. 11-cv-01826-JSW"; (b) the full name, address, and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). Any Class Member who files and serves a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement. Class Members, or their

attorneys, intending to make an appearance at the Fairness Hearing, however, must also deliver to Class Counsel and Cole Haan's Counsel, and file with the Court, no later than sixty (60) calendar days after notice is provided under Section 3.3(b) and (c) of the Settlement Agreement, a Notice of Intention to Appear. Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

6.     **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

7.     **Requesting Exclusion.** Class Members who want to be excluded from the Settlement must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action, "*Davis, et al. v. Cole Haan Company Store*, Consolidated Case No. 11-cv-01826-JSW"; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he or she does not wish to participate in the Settlement, postmarked no later than sixty (60) calendar days after notice is provided under Section 3.3(b) and (c) of the Settlement Agreement.

8.     **Provisional Certification**. The Class is provisionally certified as a class of all persons who, between March 4, 2010 and the date of entry of this Order, used a credit card to make a purchase at a California Cole Haan Store and whose Personal Identification Information, including but not limited to ZIP code, was requested and recorded by Cole Haan.

9.     **Appointment of Class Representative and Class Counsel**. Plaintiffs Tammie Davis, Valeria Lletget, and Stefani Concepcion are conditionally certified as the class representatives to implement the Parties' Settlement in accordance with the Settlement Agreement. The law firms of Patterson Law Group, through James Patterson, Esq., and Stonebarger Law, through Gene Stonebarger, Esq., are appointed as Class Counsel. Plaintiffs,

Patterson Law Group, and Stonebarger Law must fairly and adequately protect the Class's interests.

**10.    Termination**. If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification will be automatically vacated; (b) Plaintiffs will stop functioning as Class representatives; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

**11.    No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**12.    Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

**13.    Fairness Hearing.** On <u>October 11, 2013</u>, at <u>9:00 a.m.</u> ~~p.m.~~, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. All papers supporting Plaintiffs' request for attorneys' fees and costs must be filed no later than fourteen (14) calendar days before the deadline for Class Members to object to the Settlement. All other papers supporting Final Approval of the Settlement Agreement must be filed no later than ~~seven (7)~~ 35 calendar days before the Fairness Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, Cole Haan will not be required to provide additional notice to class members.

DATED: <u>May 21, 2013</u>

*Jeffrey S. White*

The Honorable Jeffrey S. White
UNITED STATES DISTRICT COURT JUDGE

CONSOLIDATED CASE NO. 11-cv-01826-JSW
[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT & PROVISIONAL CLASS CERTIFICATION